Jackson, J.
No question was made in the argument as to the form of the plea in abatement filed in this case; and there is no doubt that the fact suggested is sufficient to abate the writ.
If there be two or more plaintiffs, a disability in one of them shall stop the proceedings of the others on their writ. (1) And the effect is the same, whether the disability exists at the commencement, of the action, or occurs afterwards, provided the defendant takes notice of it seasonably by a proper plea.
This is the general rule. But there are some exceptions at common law, when the party disabled has been previously summoned and severed. If the party severed enter on the land demanded, or, being a female, is married after severance, these, being voluntary acts of one who has no longer any right to interfere in the action, nor to control the proceedings of the other- plaintiffs, shall not abate the writ. (2) In the case at bar there has been no summons and severance ; and, of consequence, the disability of one of the demand-ants abates the writ as to all of them.
By the statute of 1785, c. 62, cited at the bar, co-heirs and joint-tenants may all, or any two or more of them may, join in a suit to recover their land, or each one may sue alone for his particular share. As they are not, since that statute, compellable to join, there is no further occasion for this method of excluding one of the claimants, who is not willing to prosecute with the others ; and it has been accordingly decided by this Court, that summons and severance will not now lie for co-heirs or joint-tenants, (a) If still they do join, they are subjected to all the inconveniences of a joint action at common law.
This consequence is to be regretted, as it is obviously convenient and advantageous for all parties that such a claim [ * 181 ] * should be decided in one action, instead of subjecting them to the expense of a separate action for each demandant ; and heirs will be deterred from joining by the delay and *189 expense to which they are exposed in a case like the present. But it is not competent to this Court to remedy the evil. The legislature alone could do it, if it should be thought of sufficient importance to deserve their consideration, (a)
*188 ADDITIONAL NOTE.
[Where a writ of entry is brought by several demandants, some of whom have no title, the names of the latter may be stricken out, and the others recover their share! of the property. — Thayer vs. Hollis, 3 Metc. 369.
See Maybury vs. Evans, 19 Wend. 625. — Gillet vs. Stanley, 1 Hill, 121.- F- H.]
*189 The judgment of the Court is, that the plea in abatement is sufficient to abate the demandants’ writ, and that the tenants recover their costs.
ADDITIONAL NOTE.
[As to misjoinder of plaintiffs, see Winsor vs. Lombard, 18 Pick. 57. — F. H.]

 Gilb. Hist, and Pract. C. C. P. 254.

 10 Co. 134.

 [Vide Poor vs. Robinson, ante, 136. — Cutts vs. Haskins, 11 Mass. Rep. 56.—Ed.]

 [Vide Stat. 1826, c. 70. — Ed.]